1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7
8
9
10
11
12

| | |
|---|---|
| QUAN D.,<br><br>                        Plaintiff,<br><br>         v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                        Defendant. | CASE NO. C23-5648-BAT<br><br>**ORDER REMANDING FOR<br>CALCULATION OF BENEFITS** |

13
14
15

Plaintiff appeals the ALJ's decision finding him not disabled. He contends the ALJ's misevaluation of the medical evidence, his testimony, and the lay testimony resulted in a residual functional capacity determination (RFC) that fails to account for all functional limitations.

16
17
18
19

The parties agree the ALJ harmfully erred and the case must be remanded. However, the parties disagree on the scope of remand with Plaintiff contending the Court should remand for calculation of an award of benefits, and the Commissioner contending remand for further administrative proceedings is appropriate.

20
21
22
23

Where the ALJ has committed reversible error, the Court has the discretion to remand for further proceedings or to award benefits. *See Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990). The Court may remand for an award of benefits where "the record has been fully developed and further administrative proceedings would serve no useful purpose*." McCartey v.*

1   *Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002) (citing *Smolen v. Chater*, 80 F.3d 1273, 1290

2   (9th Cir. 1996)). This occurs when: (1) the ALJ has failed to provide legally sufficient reasons

3   for rejecting the claimant's evidence; (2) there are no outstanding issues that must be resolved

4   before a determination of disability can be made; and (3) it is clear from the record that the ALJ

5   would be required to find the claimant disabled if he considered the claimant's evidence.

6   *McCartey* at 1076-77. If additional proceedings can remedy defects in the original administrative

7   proceedings, a social security case should be remanded for further proceedings. *McCartey*, 298

8   F.3d at 1076, *see also Treichler v. Commissioner of Social Sec. Admin*., 775 F.3d 1090, 1105

9   (9th Cir. 2014) (only where "there are no outstanding issues that must be resolved before a

10  determination of disability can be made," does the Court have the discretion to credit a

11  claimant's testimony as true and remand for benefits, and only then where "it is clear from the

12  record that the ALJ would be required to find [the claimant] disabled" were such evidence

13  credited.").

14          In this case, Plaintiff applied for disability benefits in 2018. In 2019, the ALJ found

15  Plaintiff not disabled. Plaintiff appealed the ALJ's decision and in 2021 the Court reversed and

16  remanded Plaintiff's case for a new hearing. In reversing, the Court found the ALJ erroneously

17  rejected the opinions of Terilee Wingate, Ph.D. and Luci Carsten, Ph.D. that among other things,

18  Plaintiff was markedly limited in his ability to maintain punctual attendance, communicate,

19  request assistance, maintain appropriate behavior and complete a normal workday and work

20  week. Tr. 447. The ALJ rejected the doctors' opinions as unsupported, inconsistent with

21  Plaintiff's activities and inconsistent with the record of generally stable mental health conditions.

22  *Id.*  The Court found the ALJ's finding was not supported by substantial evidence and that the

23  ALJ erroneously discounted the doctors' opinions.

On remand, the ALJ conducted a new hearing and on March 22, 2023 again issued a decision finding Plaintiff not disabled. The ALJ again noted Drs. Wingate and Lewis opined Plaintiff was markedly limited in his ability to maintain punctual attendance without special supervision, communicate, request assistance, maintain appropriate behavior and complete a normal workday and work week. Tr. 396.

The ALJ noted Dr. Wingate examined Plaintiff twice. The ALJ rejected Dr. Wingate's opinion from the first examination in 2018 on the grounds it was based upon "a single examination of the claimant at a time when he had not received any mental health treatment" and the opinion is "not consistent with subsequent mental health treatment notes which record normal behavior, appropriate eye contact, speech, thought content and linear thought process. Tr. 396.

Dr. Wingate also examined Plaintiff in 2020 and opined Plaintiff continued to have the same marked limitations she assessed in 2018. The ALJ rejected Dr. Wingate's 2020 opinion as inconsistent with notes "that describe the claimant's desire to socialize more and engage with others in the community . . . as well as actual trips away from home such as a visit to a senior center and go out to coffee with his counselors." Tr. 396.

The Commissioner concedes the ALJ harmfully erred in finding Plaintiff not disabled, Dkt. 22, at 1-2. but provides no argument regarding Drs. Wingate's and Lewis's opinions showing there are outstanding issues to resolve, further administrative proceedings would be useful or whether crediting the doctors' opinions would require a finding that Plaintiff is disabled.

The Parties agreed the ALJ failed to provide legally sufficient reasons for rejecting the opinions of Drs. Wingate and Lewis. The Court finds there are no outstanding issues that must be

resolved regarding the doctors' opinions. The Commissioner provides nothing showing there are outstanding issues to resolve. The doctors' opinions are not new because they were rendered between 2018 and 2020. At this point what is being reviewed are opinions that are four or more years old. There is nothing indicating the doctors' opinions are unclear and need further development. The ALJ has now twice rejected the doctors' opinions and has twice harmfully erred. And lastly the record clearly indicates the ALJ would be required to find the claimant disabled if he gave weight to the opinions of Drs. Wingate and Lewis, as both doctors found Plaintiff has numerous marked functional limitations. The Court finds additional proceedings would not remedy the ALJ's errors because the ALJ has twice incorrectly rejected the opinions of Drs. Wingate and Lewis as inconsistent with the record or unsupported and additional proceedings will not remedy the error.

While the Commissioner presents no arguments regarding the opinions of Drs. Wingate and Lewis, the Commissioner argues at length that additional proceedings are necessary to address the ALJ's erroneous rejection of Karima Bassale, ND. The ALJ noted Dr. Bassale opined Plaintiff can sit for six hours and stand or walk for two hours; Plaintiff needs unscheduled breaks due to being overwhelmed; he can rarely lift and carry less than 10 pounds and never lift or carry more than 10 pounds; and Plaintiff would be off task 25 per cent or more. Tr. 398.

The ALJ rejected these opinions finding "the extreme physical limitations opined are not supported by an explanation" are inconsistent with the doctor's treatment notes, and the mental limitations are not consistent with Plaintiff's "refusal to trial any psychotropic medications" or his daily activities. *Id.*

The Commissioner concedes the ALJ harmfully erred in finding Plaintiff not disabled and thus concedes the ALJ erred in rejecting Dr. Bassale's opinions about Plaintiff's mental

limitations. The Commissioner argues, however, that further proceedings are necessary so the ALJ can address why Plaintiff "refused to take psychotropic medications." *See* Dkt. 22 at 4, and Tr. 398.

The Court finds there are no outstanding issues that must be resolved regarding the Dr. Bassale's opinions about Plaintiff's medications. The record shows Plaintiff was prescribed psychotropic medications and his most recent medical records indicate he is still taking trazadone, a psychotropic medication. Tr. 790. The ALJ's finding Plaintiff has refused psychotropic medications is not supported by the record and thus remand to address the ALJ's erroneous finding is unnecessary. Even if Plaintiff has no good reason to avoid psychotropic medications his actions are not grounds to reject Dr. Bassale's opinions. Dr. Bassale did not opine Plaintiff does not require psychotropic medications and thus Plaintiff's declination of medications would not alter the doctor's opinions about the severity of Plaintiff's condition. Indeed, Plaintiff's most recent medical records indicate his mental health symptoms persist, he is isolated and fearful of things such as a microwave oven.

The Circuit has recognized that when a claimant suffers from mental health problems, the claimant's declination of needed psychotropic medications is not grounds to discount the severity of the claimant's condition or symptoms. Hence, an inquiry into Plaintiff's reasoning in medications is not an appropriate basis to remand this particular case for further proceedings.

The ALJ also rejected Dr. Bassale's opinions finding Plaintiff's ability to cook, play video games, watch T.V. "necessitates concentration" and is thus inconsistent with the doctor's opinions about Plaintiff's mental limitations. The Commissioner concedes the ALJ erred and remand is necessary. The record, however, is complete regarding Plaintiff's activities. There is thus nothing further to develop as to these activities, and nothing further to reassess regarding

these activities as they relate to Dr. Bassale's opinions about Plaintiff's mental limits. The Court further notes, in this regard, the ALJ rejected Dr. Bassale's opinion Plaintiff would be off-task 25% of the time and would need unscheduled breaks. Neither limitation is inconsistent with Plaintiff's ability to have enough concentration ability to make a meal, pay a video game or watch T.V., and the Commissioner's concession of error says as much.

The Court accordingly concludes additional proceedings will not remedy the ALJ's errors and that further proceedings would not be fruitful.

The Court also notes the ALJ rejected Dr. Bassale's opinions about Plaintiff's physical limitations which Plaintiff argues limits him to sedentary work, Dkt. 16 at 7, and instead found Plaintiff has the RFC to perform the "full range of work at all exertional levels." Tr. 394.  A glaring inconsistency between this RFC determination and Plaintiff's physical functional ability is Plaintiff is age 64, stands 5 feet tall and weighs about 111 pounds. His medical records regularly assess him as underweight as a medical problem. Given Plaintiff's age and physical size, a finding he can perform a full range of work at all exertional levels lacks any reasonable support. The Court need not discuss further whether Dr. Bassale's opinion about Plaintiff's physical limitations should be reassessed because even if it should, that reassessment would not affect Drs Wingate's or Lewis's opinions that Plaintiff is markedly limited in his ability to perform gainful work activity, or Dr. Bassale's opinions about Plaintiff's mental limitations.

The Court accordingly concludes that the case should be remanded for calculation of an award of benefits and ORDERS the Commissioner's decision is **REVERSED** and this case is **REMANDED** under 42 U.S.C. §405(g) for calculation of an award of benefits.

DATED this 27th day of February, 2024.

BRIAN A. TSUCHIDA
United States Magistrate Judge